J. Stephen Peek
Nevada Bar No. 1758
Jessica E. Whelan
Nevada Bar No. 14781
HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Phone: 702.669.4600
Fax: 702.669.4650
speek@hollandhart.com
jewhelan@hollandhart.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JANONE INC. f/k/a APPLIANCE RECYCLING CENTERS OF AMERICA, INC., a Nevada Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GREAT AMERICAN INSURANCE COMPANY and ENDURANCE AMERICAN INSURANCE COMPANY,<br><br>Defendants | Case No.<br><br>**COMPLAINT** |

Plaintiff JanOne, Inc. ("JanOne"), by and through its undersigned attorneys, files this Complaint for Declaratory Judgment and Bad Faith against Defendants Great American Insurance Company ("Great American") and Endurance American Insurance Company ("Endurance"), and state as follows:

**<u>NATURE OF THE ACTION</u>**

1.      JanOne brings this Complaint against Great American and Endurance (the "Insurers") due to their bad faith denial of JanOne's claim under successive insurance policies issued by the Insurers.

2.      In August 2020, JanOne and its Chief Financial Officer Virland Johnson, received a "Wells Notice" from the United States Securities and Exchange Commission ("SEC") informing

them that the SEC intended to file an enforcement action against them alleging violations of the Securities Exchange Act of 1934 (the "Exchange Act").

3. JanOne promptly tendered the Wells Notices to Great American, from whom it purchased an insurance policy, including a Directors & Officers Liability Policy, effective from September 1, 2018 to June 1, 2019, because JanOne had previously notified Great American of subpoenas issued to other agents in the same SEC investigation before and after June 1, 2019. While Great American had previously agreed to provide coverage for at least one subpoena issued to a JanOne director in the SEC investigation, Great American denied JanOne's claim related to the Wells Notices and advised JanOne to notify its insurer for the August 2020 time period in which the Wells Notices were issued.

4. JanOne then tendered the Wells Notices to Endurance, from whom it purchased an insurance policy, including a Directors & Officers Liability Policy, effective from June 1, 2019 through June 15, 2020, with a Run-Off Endorsement through June 15, 2022. Endurance denied JanOne's claim related to the Wells Notices.

5. Despite JanOne's timely tender of its claim and the fact that receipt of these Wells Notices falls squarely within the coverage provisions of its policies with Great American and Endurance, both denied coverage and neither would take responsibility for defending and indemnifying JanOne and its Insured Persons in response to the Wells Notices and otherwise related to the SEC investigation. Neither of the Insurers completed any reasonable investigation before denying JanOne's claim related to the Wells Notices.

6. Then, on August 2, 2021, the SEC filed a lawsuit against JanOne and Johnson, among others, for violations of the Exchange Act. JanOne promptly tendered the SEC's complaint to Great American and Endurance, yet neither has agreed to defend and indemnify JanOne and Johnson in the lawsuit.

7. JanOne now bring claims for breach of contract, breach and tortious breach of the implied covenant of good faith and fair dealing, violation of the Nevada Unfair Insurance Practices Act, unjust enrichment, and declaratory judgment, to enforce its rights and hold Great American and Endurance accountable. JanOne seeks as damages more than $1.5 Million in defense costs it

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

has expended in relation to the SEC investigation to date, in addition to ongoing defense costs and fees, the amount of any judgments, fines and penalties, actual and consequential damages, attorneys' fees and costs of this action, punitive damages, plus pre-judgment interest through the date of judgment, and for such other and further relief as this Court deems just and proper.

## PARTIES

8.      Plaintiff JanOne, Inc. is a Nevada corporation with its principal place of business located in Las Vegas, Clark County, Nevada. Prior to September 10, 2019, JanOne was known as Appliance Recycling Centers of America, Inc. ("ARCA").

9.      Defendant Great American Insurance Company is an Ohio corporation with a principal place of business in Cincinnati, Ohio and is licensed to do business in Nevada.

10.      Defendant Endurance American Insurance Company is a Delaware corporation with a principal place of business located in New York and is licensed to do business in Nevada.

## JURISDICTION AND VENUE

11.      Jurisdiction is proper in this Court, pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship between the parties and the matter in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00) exclusive of interest and costs.

12.      Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim arose in this district, including that JanOne, the insured, has its principal place of business in this district, the actions giving rise to the SEC investigation occurred in this district, the insurance claims were made in this district, and the wrongful denials of coverage to JanOne, the insured, occurred in this district.

## BACKGROUND FACTS

### The Great American Coverage Provisions

13.      In 2018, Great American Insurance Company issued Policy Number: D23100-G to ARCA for the policy period of September 1, 2018 through June 1, 2019 (the "Great American Policy"). The Great American Policy is attached as Exhibit 1.

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

14.     Pursuant to the Great American Policy:

A.     The **Insurer**[1] shall pay on behalf of the **Insured Persons** all **Loss** which the **Insured Persons** shall be legally obligated to pay as a result of a **Claim** (including an **Employment Practices Claim**, a **Securities Claim** or a **M&A Claim**) first made against the **Insured Persons** during **the Policy Period** or the **Discovery Period** for a **Wrongful Act**, except for any **Loss** which the **Company** actually pays as indemnification.

B.     The **Insurer** shall pay on behalf of the **Company** all **Loss** which the **Insured Persons** shall be legally obligated to pay as a result of a **Claim** (including an **Employment Practices Claim**, a **Securities Claim** or a **M&A Claim**) first made against the **Insured Persons** during the **Policy Period** or the **Discovery Period** for a **Wrongful Act**, but only to the extent the **Company** is required or permitted by law to indemnify the **Insured Persons**.

C.     The **Insurer** shall pay on behalf of the **Insured Entity** all **Loss** which the **Insured Entity** shall be legally obligated to pay as a result of a **Securities Claim** or a **M&A Claim** first made against the **Insured Entity** during the **Policy Period** or **Discovery Period** for a **Wrongful Act**.

Ex. 1, p. 6.

15.     The following Definitions are applicable to coverage under the Great American Policy:

"**Insured(s)**" shall mean the **Insured Entity** and all **Insured Persons**.

"**Insured Entity**" shall mean the **Company**, but only with respect to coverage provided under Insuring Agreement I.C.

"**Insured Persons**" shall mean **Directors** and **Officers** and all past, present and future employees of the **Company** other than **Directors** and **Officers**.

*Id.*, p. 36.

"**Claim**" shall mean:
(4) a civil, criminal, administrative or regulatory investigation (including a Securities and Exchange Commission…investigation) of any **Insured Person** commencing:
       (a) with the service of a subpoena upon such **Insured Person** in the case of an investigation by the Securities and Exchange Commission or a

---

[1]     Terms in **bold** are defined in the Great American Policy.

4

similar state or foreign government authority, receipt of a **Wells Notice**…upon such **Insured Person**…

*Id.*, p. 35.

P. "**Securities Claim**" shall mean any **Claim** (including a civil lawsuit or criminal proceeding brought by the Securities and Exchange Commission other than a **M&A Claim** made against an **Insured** alleging a violation of any federal, state, local or foreign securities law, regulation, rule, whether statutory or common law…"**Securities Claim**" shall also include an administrative or regulatory proceeding alleging a violation of any federal, state, local or foreign securities law, regulation or rule, whether statutory or common law against the **Company**, but only if and only during the time that such proceeding is also continuously maintained against an **Insured Person.**

*Id.*, p. 6-7.

**M&A Claim** shall mean any **Claim** (other than a **Securities Claim** which alleges a violation of the Securities Act of 1933, the Securities Exchange Act of 1934 or any state blue sky law, including any rule or regulation promulgated thereunder) which is based upon, arising out of, directly or indirectly resulting from or in consequence of, or in any way involving any actual or alleged breach of fiduciary duty or violation of any federal, state, local or foreign law, regulation or rule, whether statutory or common law, by any **Insureds** with respect to any actual or proposed:

(3) purchase and/or sale of assets either by or to an **Insured**, involving:
a. the purchase or acquisition by one corporation of a controlling stock interest in another related or unrelated corporation; and/or
b. the purchase or acquisition by one corporation of substantially all of the assets of another related or unrelated corporation.

*Id.*, p. 7.

"**Inquiry**" shall mean:
(1) a request or demand for an **Insured Person** either to appear at a meeting, deposition or interview or to produce documents relating to the business of the **Company** or such **Insured Person's** capacity with the **Company**, where such request or demand is:

(a)	by any federal, state, local or foreign law enforcement authority or other governmental investigative authority (including but not limited to the U.S. Securities and Exchange Commission, U.S. Department of Justice of any attorney general)…

*Id.*, p. 11.

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

I. **"Loss"** shall mean settlements and judgments, pre-judgment and/or post-judgment interest, compensatory damages, punitive, aggravated or exemplary damages or the multiple portion of any multiplied damage award, **SOX 304/SOX308/Dodd-Frank 954 Costs, Investigative Costs** and **Costs of Defense.**

*Id.*, p. 11.

**"Costs of Defense"** shall mean reasonable and necessary legal fees, costs and expenses incurred in the investigation or defense of any **Claim**…

*Id.*, p. 35.

16.     Endorsement 3 (amending Section VII.A.) further states in part:

If, during the **Policy Period**, the **Insureds** first become aware of an **Inquiry**, and if the **Insureds** give written notice to the **Insurer** as soon as practicable…then the **Inquiry** shall be treated as a **Claim** under this **Policy**…Any other **Claim** which arises out of such I**nquiry** shall be deemed to have been first made at the time such written notice of the **Inquiry** was received by the **Insurer**.

*Id.*, p. 21-22.

**The Endurance Policy Coverage Provisions**

17.     On June 1, 2019, Endurance American Insurance Company issued Policy Number DOP30001095500 to ARCA for the policy period of June 1, 2019 through June 15, 2020, with a Run-Off Endorsement through June 15, 2022 (the "Endurance Policy"). The Endurance Policy is attached as Exhibit 2. Upon ARCA changing its name to JanOne, Endurance issued a name change endorsement on the Endurance Policy.

18.     The Directors and Officers Liability Coverage Section of the Endurance Policy requires that:

A.     The Insurer shall pay on behalf of the **Insured Persons**[2] all **Loss** for which the **Insured Persons** are not indemnified by the **Company** and which the **Insured Persons** have become legally obligated to pay on account of a **Claim** first made against the **Insured Persons** during the **Policy Period** or during the **Discovery Period** or **Run-Off Coverage Period**, if exercised, for any **Wrongful Acts** taking place prior to the earlier of the end of the **Policy Period** or commencement of the **Run-Off Coverage Period.**

---

[2]     Terms in **bold** are defined in the Endurance Policy.

6

B. The Insurer shall pay on behalf of the **Company** all **Loss** for which the Company grants indemnification to the **Insured Persons** and which the **Insured Persons** have become legally obligated to pay on account of a **Claim** first made against the **Insured Persons** during the **Policy Period** or during the **Discovery Period** or **Run-Off Coverage Period**, if exercised, for any **Wrongful Acts** taking place prior to the earlier of the end of the **Policy Period** or commencement of the **Run-Off Coverage Period.**

C. The Insurer shall pay on behalf of the **Company** all **Loss** for which the **Company** becomes legally obligated to pay on account of a **Securities Claim** first made against the **Company** during the **Policy Period** or during the **Discovery Period** or **Run-Off Coverage Period**, if exercised, for any **Wrongful Acts** taking place prior to the earlier of the end of the **Policy Period** or commencement of the **Run-Off Coverage Period.**

Ex. 2, p. 17.

19.   The following Definitions are applicable to coverage under the Endurance Policy:

A. **Claim** means: (7) a civil, criminal, administrative or regulatory investigation against an **Insured Person** for a **Wrongful Act**, commenced by the service upon or other receipt by the **Insured Person** of a written notice, including a Wells Notice, or subpoena from the investigating authority identifying the **Insured Person** as an individual against whom a formal proceeding may be commenced.

B. **Insured Persons**, either in the singular or plural, means:
   1. Any one or more natural persons who were, now are or shall become duly elected or appointed directors, trustees, governors, Managers, officers, in-house general counsel, controller, risk manager, advisory director or member of a duly constituted committee or board of the **Company** or their functional equivalent.

C. **Insureds**, either in the singular or plural, means:
   1. The **Insured Persons**, and
   2. Solely with respect to Insuring Agreements B, C and E, the **Company.**

E. **Loss** means the total amount the Insureds become legally obligated to pay on account of **Claims** made against them for **Wrongful Acts** for which coverage applies, including, but not limited to, damages (including punitive, exemplary or multiple damages), judgments, any award of pre-judgment or post-judgment interest with respect to covered damages, settlements, **Defense Costs** and civil money penalties ….

I. **Securities Claim** means any **Claim** which in whole or in part is:

7

1. Brought by one of more securities holders of the **Company**, in their capacity as such, or
2. Based upon, arising out of or attributable to the purchase or sale of, or offer or solicitation of an offer to purchase or sell, any securities issued by the **Company**, whether such purchase, sale, offer or solicitation involves a transaction with the **Company** or occurs in the open market (including without limitation any such **Claim** brought by the Securities and Exchange Commission or any other claimant).

K. **Wrongful Act** means:
1. Any error, misstatement, misleading statement, act, omission, neglect, or breach of duty actually or allegedly committed or attempted by any of the **Insured Persons** in their capacity as such, or in an **Outside Position**, or with respect to the Insuring Agreement C, by the **Company**, or
2. Any matter claimed against the **Insured Persons** solely by reason of their serving in such capacity or in an **Outside Position.**

*Id.*, pp. 18-20.

20.   The Run-Off Endorsement through June 15, 2022 provides Run-Off Coverage, as follows:

> The **Run-Off Coverage Period** set forth in Item 6 of the Declarations is the period during which any **Claim** first made against the **Insured** and reported to the Insurer in accordance with Section VIII. REPORTING AND NOTICE of the General Terms and Conditions shall be deemed first made during the **Policy Period**, but only for **Wrongful Acts** that take place prior to the termination of the **Policy Period**. The insurer shall not be liable for **Loss** on account of any **Claim** for a **Wrongful Act** that takes place on or after the inception of the **Run-Off Coverage Period.**

## Submission of Claims to Great American

21.   On December 30, 2017, JanOne, then known as ARCA, entered into a Stock Purchase Agreement to sell its wholly-owned subsidiary ApplianceSmart, to ApplianceSmart Holdings, LLC ("ASH"), a wholly-owned subsidiary of Live Ventures, Inc. ASH agreed to purchase all of ApplianceSmart's shares of capital stock from JanOne for $6.5 million (the "Acquisition"). On that date, JanOne transferred control of ApplianceSmart to ASH, and provided ASH with all of ApplianceSmart's books and records, accounting systems, and bank records. Additionally, JanOne ceased accruing ApplianceSmart revenues on that date, and was no longer

entitled to any of ApplianceSmart's profits or losses. Meanwhile, ASH assumed management and control over ApplianceSmart.

22.     Prior to the Acquisition, on May 10, 2017, JanOne and ApplianceSmart entered with MidCap Financial, Inc. ("MidCap") into a Credit and Security Agreement ("MidCap CSA"), whereby ApplianceSmart's revenues in cash, checks and credit card receipts would be used to pay off JanOne's loan with MidCap net of new borrowings. After Live Ventures' acquisition, ApplianceSmart maintained its banking relationship with MidCap because it was unable to secure alternative sources of funding. Accordingly, from January 2018 to March 2018, ApplianceSmart continued to remit revenue from its cash, checks, and credit card receipts to MidCap, while continuing to borrow cash on the MidCap line of credit, resulting in a net payment of about $2.58 million to MidCap. Because JanOne and ApplianceSmart owed approximately $5.6 million to MidCap at the time of Live Ventures' acquisition of ApplianceSmart, JanOne treated ApplianceSmart's repayment of $2.58 million on the MidCap CSA as a cash payment from ASH to JanOne.

23.     In late 2017, the SEC began a private investigation of Live Ventures, relating in part to the Acquisition and public filings submitted thereafter (the "Investigation"). As part of the Investigation, the SEC issued a subpoena to Antonios ("Tony") Isaac, who served as a Director of Live Ventures and the CEO of JanOne, purportedly related to his role for Live Ventures. However, during the deposition which first began in October 2018, the SEC asked Tony questions related to his roles for both Live Ventures and JanOne.

24.     In May 2019, during the Policy Period of the Great American Policy, which terminated on June 1, 2019, JanOne's Counsel received information from the SEC that it would be sending a subpoena to Tim Matula, a former JanOne director, relating to the Investigation (the "Matula Subpoena"). JanOne promptly provided notice of the Matula Subpoena to Great American during the Policy Period of the Great American Policy. JanOne requested that Great American pay its retained counsel, Michael Tu at The Orrick Law Firm, to represent Matula at his deposition, which Great American agreed to do because Matula was an Insured Person as a director of JanOne. The Matula Subpoena was issued on June 5, 2019 for Matula's deposition, which ultimately did

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

not take place. Nonetheless, by agreeing to provide coverage to JanOne for Matula's deposition, Great American agreed that a Loss by JanOne, including its Costs related to the Investigation, was covered under the Great American Policy.

25.     In September 2019, the SEC issued a subpoena for the testimony of Mark Szafranowski, a former JanOne consultant, relating to the Investigation (the "Szafranowski Subpoena"). JanOne promptly provided notice of the Szafranowski Subpoena to Great American, even though the Great American Policy Period had ended, because JanOne believed it was related to the Matula Subpoena and Investigation which had arisen during the Great American Policy Period. Great American denied coverage because Szafranowski purportedly did not qualify as an Insured Person under the Great American Policy. Great American's denial letter, however, did not mention the Matula Subpoena nor deny the claim based upon the fact that the Szafranowski Subpoena was received more than 100 days after the Policy Period had ended. Great American's denial letter also did not mention that the Great American Policy did not provide coverage for Szafranowski Subpoena because it was unrelated to the Matula Subpoena or Investigation.

26.     In or around September 2019, the SEC also issued a subpoena for testimony of Virland Johnson, purportedly related to his role for Live Ventures. At that time, Johnson served as the Chief Financial Officer of Live Ventures and the Chief Financial Officer of JanOne. However, during the deposition in October 2019, the SEC asked Johnson questions related to his roles for both Live Ventures and JanOne.

27.     In August 2020, the SEC issued Wells Notices to JanOne, Inc., and its Chief Financial Officer Virland Johnson (the "Wells Notices"). The Wells Notices are attached hereto as Exhibit 3. The Wells Notices indicate that the SEC recommended the filing of an enforcement action against JanOne and Johnson for alleged violations of the Securities Exchange Act of 1934.

28.     On October 21, 2020, JanOne submitted the Wells Notices to Great American for coverage, believing that the Wells Notices related to the Matula Subpoena, Szafranowski Subpoena and Investigation arose out of the same facts upon which Great American had previously agreed to provide coverage for the Matula Subpoena.

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

29.     On December 4, 2020, without conducting any reasonable investigation into the facts and circumstances surrounding JanOne's claim related to the Wells Notices, Great American denied the claims specifically related to the Wells Notices. Great American's Denial Letter is attached as <u>Exhibit 4</u>. Great American states that the Wells Notices "simply cannot be said to have arisen out of the Matula Subpoena." Ex. 4, p. 3. Great American recommended that JanOne contact its insurer for the August 2020 time period in which the Wells Notices were issued. Ex. 4, p. 1.

**Submission of Claims to Endurance**

30.     On December 9, 2020, JanOne submitted the Wells Notices to Endurance for coverage (the "Endurance Claim"). JanOne also advised Great American, in writing, that it disagreed with its December 4, 2020 Denial Letter.

31.     On February 3, 2021, Endurance, without conducting any reasonable investigation into the facts or circumstances surrounding the Endurance Claim, nor requesting any documents from JanOne, denied the Endurance Claim. Endurance's Denial Letter is attached as <u>Exhibit 5</u>.

32.     On February 12, 2021, JanOne promptly responded to Endurance's Denial Letter, providing factual information which Endurance failed to request before denying coverage. JanOne's Response Letter is attached as <u>Exhibit 6</u>.

33.     After suggesting that it was investigating further, Endurance requested additional information which JanOne promptly responded. To date, Endurance has not agreed to amend its coverage determination.

34.     The receipt of the Wells Notices clearly fits within the definition of a Claim and a Securities Claim under the Great American Policy and Endurance Policy. JanOne is defined as the Company or the Insured under the Great American Policy and Endurance Policy. Johnson fits the definition of an Insured Person under the Great American Policy and Endurance Policy. JanOne and Johnson are entitled to coverage for defense and indemnification for the Wells Notices and all other aspects of the Investigation.

**The SEC's Filing of the Underlying Litigation**

35.     On August 2, 2021, the SEC filed a Complaint against, among others, JanOne and Johnson, in the United States District Court for the District of Nevada, captioned *Securities and*

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

*Exchange Commission v. Live Ventures Incorporated, et al.,* Case No. 2:21-cv-1433 (the "Underlying Litigation"). In the Underlying Litigation, the SEC alleges, among other things, that, through the Acquisition, JanOne and Johnson violated Section 10(b) of the Exchange Act and Rules 10b-5(a) and 10b-5(c). JanOne promptly tendered the Underlying Litigation to Great American and Endurance. The Underlying Litigation is related to the Matula Subpoena, Szafranowski Subpoena, Investigation and Wells Notices. The Complaint filed by the SEC in the Underlying Litigation is attached hereto as Exhibit 7.

36.     To date, Great American and Endurance have refused to defend and indemnify JanOne and Johnson for the Underlying Litigation, while Costs of Defense continue to mount.

37.     The Great American Policy and Endurance Policy clearly provide coverage for the Claim, and obligate each respective  insurer to pay for JanOne's and its Insured Persons' defense costs and any monetary liability.

38.     JanOne and its Insured Persons have been left alone by their insurers to foot their own defense costs because both Great American and Endurance failed to reasonably investigate the claims made upon them before denying coverage.

## COUNT I
## REQUEST FOR DECLARATORY JUDGMENT

39.     Plaintiff incorporates the allegations contained in Paragraphs 1 through 38 as though fully set forth herein.

40.     The Great American Policy obligates Great American to defend and indemnify JanOne for the Investigation and the Underlying Litigation.

41.     The Great American Policy and/or Endurance Policy obligate Defendant Great American and/or Defendant Endurance to defend and indemnify JanOne and its Insured Persons for the Wells Notices and the Underlying Litigation.

42.     Defendants' refusal to fulfill their contractual obligation to defend or indemnify JanOne and its Insured Persons under the Great American Policy and/or Endurance Policy creates an actual controversy between the parties.

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

43.     As Insureds under the Great American Policy and the Endurance Policy, JanOne and its Insured Persons have an actual interest in the outcome of this case and the Court's determination regarding Defendants' defense and indemnity obligations under the Great American Policy and/or Endurance Policy.

44.     JanOne and its Insured Persons are entitled to a declaratory judgment setting forth the respective rights and obligations of the parties under the Great American Policy and Endurance Policy.

WHEREFORE, Plaintiff JanOne respectfully requests:

A.      A declaration that, under the Great American Policy, Great American is obligated to defend and indemnify JanOne for the Investigation and the Underlying Litigation;

B.      A declaration that, under the Great American Policy and/or Endurance Policy, Great American and/or Endurance are obligated to defend and indemnify JanOne and its Insured Persons for the Wells Notices and the Underlying Litigation;

C.      In the alternative, a declaration of the respective rights and obligations of the parties pursuant to the Great American Policy and Endurance Policy;

D.      Reimbursement of their costs and fees to the extent permitted by law; and

E.      Such other and further relief as this Court deems just.

**COUNT II**
**BREACH OF CONTRACT**
(against Defendant Great American)

45.     Plaintiff incorporates the allegations contained in Paragraphs 1 through 38 as though fully set forth herein.

46.     The Great American Policy is a valid and enforceable contract.

47.     For adequate consideration, including payment of premiums, Great American agreed to abide by the terms of the Great American Policy, including to provide insurance coverage purchased by JanOne.

48.     JanOne fully performed its obligations under the Great American Policy.

49.     Defendant Great American breached the Great American Policy by wrongfully denying coverage for the Investigation.

50.     Defendant Great American breached the Great American Policy by failing to defend and indemnify JanOne for the Investigation.

51.     Defendant Great American breached the Great American Policy by wrongfully denying coverage to JanOne for the Szafranowski Subpoena.

52.     Defendant Great American breached the Great American Policy by failing to defend and indemnify JanOne for the Szafranowski Subpoena.

53.     Defendant Great American breached the Great American Policy by wrongfully denying coverage to JanOne and Virland Johnson upon receipt of the Wells Notices.

54.     Defendant Great American breached the Great American Policy by failing to defend and indemnify JanOne and Virland Johnson upon receipt of the Wells Notices.

55.     Defendant Great American breached the Great American Policy by wrongfully denying coverage to JanOne and Virland Johnson upon receipt of the Underlying Litigation.

56.     Defendant Great American breached the Great American Policy by failing to defend and indemnify JanOne and Virland Johnson upon receipt of the Underlying Litigation.

57.     Defendant Great American breached the Great American Policy by refusing to act in good faith and intentionally left JanOne and Virland Johnson to defend themselves and unilaterally respond to the Investigation, Szafranowski Subpoena, Wells Notices and the Underlying Litigation.

58.     As a direct and proximate result of Defendant Great American's breach of the Great American Policy, JanOne and its Insured Persons have suffered damages, including but not limited to, the payment of legal fees, and other costs to date.

WHEREFORE, Plaintiff JanOne respectfully requests that this Court enter a judgment against Defendant Great American Insurance Company in an amount to be proven at trial, plus pre-judgment interest through the date of judgment, and for such other and further relief as this Court deems just and proper.

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

## COUNT III
## BREACH OF CONTRACT
(against Defendant Endurance)

59.     Plaintiff incorporates the allegations contained in Paragraphs 1 through 38 as though fully set forth herein.

60.     The Endurance Policy is a valid and enforceable contract.

61.     For adequate consideration, including payment of premiums, Endurance agreed to abide by the terms of the Endurance Policy, including to provide insurance coverage purchased by JanOne.

62.     JanOne fully performed its obligations under the Endurance Policy.

63.     Defendant Endurance breached the Endurance Policy by wrongfully denying coverage to JanOne and Virland Johnson upon receipt of the Wells Notices and the Underlying Litigation.

64.     Defendant Endurance breached the Endurance Policy by failing to defend and indemnify JanOne and Virland Johnson upon receipt of the Wells Notices and the Underlying Litigation.

65.     Defendant Endurance breached the Endurance Policy by refusing to act in good faith and intentionally left JanOne and Virland Johnson to defend themselves and unilaterally respond to the Wells Notices and the Underlying Litigation.

66.     As a direct and proximate result of Defendant Endurance's breach of the Endurance Policy, JanOne and its Insured Persons have suffered damages, including but not limited to, the payment of legal fees, and other costs to date.

WHEREFORE, Plaintiff JanOne respectfully requests that this Court enter a judgment against Defendant Endurance American Insurance Company in an amount to be proven at trial, plus pre-judgment interest through the date of judgment, and for such other and further relief as this Court deems just and proper.

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

## <u>COUNT IV</u>
## BREACH OF IMPLIED DUTY OF GOOD FAITH & FAIR DEALING
### (against Defendant Great American)

67.     Plaintiff incorporates the allegations contained in Paragraphs 1 through 38 as though fully set forth herein.

68.     The Great American Policy is a valid and enforceable contract.

69.     There is implied, in every contract in Nevada, a duty of good faith and fair dealing.

70.     Defendant Great American owes JanOne a duty of good faith and fair dealing.

71.     Defendant Great American breached its duty of good faith and fair dealing by failing to give at least as much consideration to the interests of JanOne as it gave its own interests.

72.     Defendant Great American breached its duty of good faith and fair dealing by failing to diligently investigate the facts underlying the Investigation, Szafranowski Subpoena, Wells Notices issued to JanOne and its Insured Persons, and the Underlying Litigation before determining whether it had a duty to defend and indemnify JanOne and its Insured Persons.

73.     Defendant Great American breached its duty of good faith and fair dealing by failing to reasonably investigate extrinsic information known to it before denying coverage to JanOne and its Insured Persons, including denying its obligation to indemnify JanOne and its Insured Persons.

74.     Defendant Great American breached its duty of good faith and fair dealing by having an actual or implied awareness of the absence of a reasonable basis to deny JanOne and its Insured Persons the benefits of the Great American Policy.

75.     Defendant Great American breached its duty of good faith and fair dealing by relying on its own interpretation of ambiguous terms in Great American Policy to deny coverage to JanOne and its Insured Persons.

76.     Defendant Great American breached its duty of good faith and fair dealing by refusing to act in good faith and intentionally left JanOne and its Insured Persons to defend themselves and unilaterally advance funds to respond to the Investigation, Szafranowski Subpoena, Wells Notices and the Underlying Litigation.

77.     As a direct and proximate result of Defendant Great American's breach of its duty of good faith and fair dealing, JanOne and its Insured Persons have suffered damages, including but not limited to, the payment of legal fees, and other costs to date.

WHEREFORE, Plaintiff JanOne and respectfully requests that this Court enter a judgment against Defendant Great American Insurance Company in an amount to be proven at trial, plus pre-judgment interest through the date of judgment, and for such other and further relief as this Court deems just and proper.

**COUNT V**
**BREACH OF IMPLIED DUTY OF GOOD FAITH & FAIR DEALING**
(against Defendant Endurance)

78.     Plaintiff incorporates the allegations contained in Paragraphs 1 through 38 as though fully set forth herein.

79.     The Endurance Policy is a valid and enforceable contract.

80.     There is implied, in every contract in Nevada, a duty of good faith and fair dealing.

81.     Defendant Endurance owes JanOne a duty of good faith and fair dealing.

82.     Defendant Endurance breached its duty of good faith and fair dealing by failing to give at least as much consideration to the interests of JanOne as it gave its own interests.

83.     Defendant Endurance breached its duty of good faith and fair dealing by failing to diligently investigate the facts underlying the Wells Notices issued to JanOne and its Insured Persons and the Underlying Litigation before determining whether it had a duty to defend and indemnify JanOne and its Insured Persons.

84.     Defendant Endurance breached its duty of good faith and fair dealing by failing to reasonably investigate extrinsic information known to it before denying coverage to JanOne and its Insured Persons, including denying its obligation to indemnify JanOne and its Insured Persons.

85.     Defendant Endurance breached its duty of good faith and fair dealing by having an actual or implied awareness of the absence of a reasonable basis to deny JanOne and its Insured Persons the benefits of the Endurance Policy.

**HOLLAND & HART LLP**
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

17

86.     Defendant Endurance breached its duty of good faith and fair dealing by relying on its own interpretation of ambiguous terms in Endurance Policy to deny coverage to JanOne and its Insured Persons.

87.     Defendant Endurance breached its duty of good faith and fair dealing by refusing to act in good faith and intentionally left JanOne and its Insured Persons to defend themselves and unilaterally advance funds to respond to the Wells Notices and the Underlying Litigation.

88.     As a direct and proximate result of Defendant Endurance's breach of its duty of good faith and fair dealing, JanOne and its Insured Persons have suffered damages, including but not limited to, the payment of legal fees, and other costs to date.

WHEREFORE, Plaintiff JanOne and respectfully requests that this Court enter a judgment against Defendant Endurance American Insurance Company in an amount to be proven at trial, plus pre-judgment interest through the date of judgment, and for such other and further relief as this Court deems just and proper.

## COUNT VI
## TORTIOUS BREACH OF THE IMPLIED
## DUTY OF GOOD FAITH AND FAIR DEALING
(against Defendant Great American)

89.     Plaintiff incorporates the allegations contained in Paragraphs 1 through 38 and 68 through 77 as though fully set forth herein.

90.     The Great American Policy is a valid and enforceable contract.

91.     There is implied, in every contract in Nevada, a duty of good faith and fair dealing.

92.     Defendant Great American owes JanOne a duty of good faith and fair dealing.

93.     A special relationship of trust, namely, that of insurer and insured, existed between Defendant Great American and JanOne.

94.     JanOne had a justifiable expectation to receive the benefit of insurance coverage consistent with the spirit of the Great American Policy.

95.     Defendant Great American tortiously breached its duty of good faith and fair dealing by failing to give at least as much consideration to the interests of JanOne as it gave its own interests.

96.     Defendant Great American tortiously breached its duty of good faith and fair dealing by failing to diligently investigate the facts underlying the Investigation, Szafranowski Subpoena, Wells Notices issued to JanOne and its Insured Persons and the Underlying Litigation, before determining whether it had a duty to defend and indemnify JanOne and its Insured Persons.

97.     Defendant Great American tortiously breached its duty of good faith and fair dealing by failing to reasonably investigate extrinsic information known to it before denying coverage to JanOne and its Insured Persons, including denying its obligation to indemnify JanOne and its Insured Persons.

98.     Defendant Great American tortiously breached its duty of good faith and fair dealing by having an actual or implied awareness of the absence of a reasonable basis to deny JanOne and its Insured Persons the benefits of the Great American Policy.

99.     Defendant Great American tortiously breached its duty of good faith and fair dealing by relying on its own interpretation of ambiguous terms in Great American Policy to deny coverage to JanOne and its Insured Persons.

100.    Defendant Great American tortiously breached its duty of good faith and fair dealing by refusing to act in good faith and intentionally leaving JanOne and its Insured Persons to defend themselves and unilaterally advance funds to respond to the Investigation, Szafranowski Subpoena, Wells Notices and the Underlying Litigation.

101.    The above tortious breaches of Defendant Great American's duty of good faith and fair dealing were deliberate and in bad faith.

102.    As a direct and proximate result of Defendant Great American's tortious breach of its duty of good faith and fair dealing, JanOne has suffered damages, including but not limited to, the payment of legal fees and other costs to date.

WHEREFORE, Plaintiff JanOne respectfully requests that this Court enter a judgment against Defendant Great American Insurance Company in an amount to be proven at trial,

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

including but not limited to actual and consequential damages, attorneys' fees and costs as special damages, punitive damages, plus pre-judgment interest through the date of judgment, and for such other and further relief as this Court deems just and proper.

### COUNT VII
### TORTIOUS BREACH OF THE IMPLIED
### DUTY OF GOOD FAITH AND FAIR DEALING
(against Defendant Endurance)

103.    Plaintiff incorporates the allegations contained in Paragraphs 1 through 38 and 79 through 88 as though fully set forth herein.

104.    The Endurance Policy is a valid and enforceable contract.

105.    There is implied, in every contract in Nevada, a duty of good faith and fair dealing.

106.    Defendant Endurance owes JanOne a duty of good faith and fair dealing.

107.    A special relationship of trust, namely, that of insurer and insured, existed between Defendant Endurance and JanOne.

108.    JanOne had a justifiable expectation to receive the benefit of insurance coverage consistent with the spirit of the Endurance Policy.

109.    Defendant Endurance tortiously breached its duty of good faith and fair dealing by failing to give at least as much consideration to the interests of JanOne as it gave its own interests.

110.    Defendant Endurance tortiously breached its duty of good faith and fair dealing by failing to diligently investigate the facts underlying the Wells Notices issued to JanOne and its Insured Persons and the Underlying Litigation before determining whether it had a duty to defend and indemnify JanOne and its Insured Persons.

111.    Defendant Endurance tortiously breached its duty of good faith and fair dealing by failing to reasonably investigate extrinsic information known to it before denying coverage to JanOne and its Insured Persons, including denying its obligation to indemnify JanOne and its Insured Persons.

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

112.     Defendant Endurance tortiously breached its duty of good faith and fair dealing by having an actual or implied awareness of the absence of a reasonable basis to deny JanOne and its Insured Persons the benefits of the Endurance Policy.

113.     Defendant Endurance tortiously breached its duty of good faith and fair dealing by relying on its own interpretation of ambiguous terms in Endurance Policy to deny coverage to JanOne and its Insured Persons.

114.     Defendant Endurance tortiously breached its duty of good faith and fair dealing by refusing to act in good faith and intentionally leaving JanOne and its Insured Persons to defend themselves and unilaterally advance funds to respond to the Wells Notices.

115.     The above tortious breaches of Defendant Endurance's duty of good faith and fair dealing were deliberate and in bad faith.

116.     As a direct and proximate result of Defendant Endurance's tortious breach of its duty of good faith and fair dealing, JanOne has suffered damages, including but not limited to, the payment of legal fees and other costs to date.

WHEREFORE, Plaintiff JanOne respectfully requests that this Court enter a judgment against Defendant Endurance American Insurance Company in an amount to be proven at trial, including but not limited to actual and consequential damages, attorneys' fees and costs as special damages, punitive damages, plus pre-judgment interest through the date of judgment, and for such other and further relief as this Court deems just and proper.

## COUNT VIII
### VIOLATION OF NEVADA UNFAIR INSURANCE PRACTICES ACT, Nev. Rev. Stat. § 686A.310
(against Defendant Great American)

117.     Plaintiff incorporates the allegations contained in Paragraphs 1 through 38 as though fully set forth herein.

118.     Nev. Rev. Stat. § 686A.310 prohibits any person in the insurance business from engaging in activities which constitute an unfair or deceptive act or practice ("NUIPA").

21

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

119.     Defendant Great American's conduct toward JanOne has violated NUIPA in one or more of the following ways:

    A.     Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under the Great American Policy;

    B.     Failing to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under the Great American Policy;

    C.     Failing to effectuate prompt, fair and equitable settlements of claims in which liability of the insurer has become reasonably clear;

    D.     Failing to provide promptly to an insured a reasonable explanation of the basis in the Great American Policy, with respect to the facts of JanOne's claims and the applicable law, for the denial of the claim;

    E.     Refusing to act in good faith by intentionally leaving JanOne and its Insured Persons to defend themselves and unilaterally respond to the Investigation, Szafranowski Subpoena, Wells Notices and the Underlying Litigation.

120.     Due to Defendant Great American's conduct in violation of NUIPA, Defendant Great American is liable to JanOne for damages it sustained as a result of the commission of the unfair practices.

121.     As a direct and proximate result of Defendant Great American's conduct in violation of NUIPA, JanOne has suffered damages, including but not limited to, the payment of legal fees, and other costs to date.

WHEREFORE, Plaintiff JanOne respectfully requests that this Court enter a judgment against Defendant Great American Insurance Company in an amount to be proven at trial, including but not limited to statutory damages, actual and consequential damages, attorneys' fees and costs as special damages, punitive damages, plus pre-judgment interest through the date of judgment, and for such other and further relief as this Court deems just and proper.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

## COUNT IX
### VIOLATION OF NEVADA UNFAIR INSURANCE PRACTICES ACT, Nev. Rev. Stat. § 686A.310
(against Defendant Endurance)

122.    Plaintiff incorporates the allegations contained in Paragraphs 1 through 38 as though fully set forth herein.

123.    Nev. Rev. Stat. § 686A.310 prohibits any person in the insurance business from engaging in activities which constitute an unfair or deceptive act or practice ("NUIPA").

124.    Defendant Endurance's conduct toward JanOne has violated NUIPA in one or more of the following ways:

> A.    Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under the Endurance Policy;
>
> B.    Failing to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under the Endurance Policy;
>
> C.    Failing to effectuate prompt, fair and equitable settlements of claims in which liability of the insurer has become reasonably clear;
>
> D.    Failing to provide promptly to an insured a reasonable explanation of the basis in the Endurance Policy, with respect to the facts of JanOne's claims and the applicable law, for the denial of the claim;
>
> E.    Refusing to act in good faith by intentionally leaving JanOne and its Insured Persons to defend themselves and unilaterally respond to the Wells Notices and the Underlying Litigation.

125.    Due to Defendant Endurance's conduct in violation of NUIPA, Defendant Endurance is liable to JanOne for damages it sustained as a result of the commission of the unfair practices.

126.    As a direct and proximate result of Defendant Endurance's conduct in violation of NUIPA, JanOne has suffered damages, including but not limited to, the payment of legal fees, and other costs to date.

WHEREFORE, Plaintiff JanOne respectfully requests that this Court enter a judgment against Defendant  Endurance American Insurance Company in an amount to be proven at trial, including but not limited to statutory damages, actual and consequential damages, attorneys' fees

and costs as special damages, punitive damages, plus pre-judgment interest through the date of judgment, and for such other and further relief as this Court deems just and proper.

### COUNT X
### UNJUST ENRICHMENT
### (In the Alternative)
(Against Defendant Great American)

127.    Plaintiff incorporates the allegations contained in Paragraphs 1 through 38 as though fully set forth herein.

128.    A benefit has been conferred upon Defendant Great American due to JanOne's payment of premiums under the Great American Policy.

129.    To the extent that Defendant Great American attempts to void the Great American Policy and retain the premiums paid by JanOne for the Great American Policy, Defendant Great American's acceptance and retention of the benefit conferred upon it would be inequitable.

WHEREFORE, Plaintiff JanOne respectfully requests, in the alternative, that if this Court allows Defendant Great American Insurance Company to avoid its obligations under the Great American Policy, including by holding the Great American Policy void, that the Court enter a judgment against Defendant Great American in an amount to be proven at trial, including but not limited to premium payments made by JanOne, costs and fees incurred by JanOne in obtaining the Great American Policy, plus pre-judgment interest through the date of judgment, and for such other and further relief as this Court deems just and proper.

### COUNT XI
### UNJUST ENRICHMENT
### (In the Alternative)
(Against Defendant Endurance)

130.    Plaintiff incorporates the allegations contained in Paragraphs 1 through 38 as though fully set forth herein.

131.    A benefit has been conferred upon Defendant Endurance due to JanOne's payment of premiums under the Endurance Policy.

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

132.     To the extent that Defendant Endurance attempts to void the Endurance Policy and retain the premiums paid by JanOne for the Endurance Policy, Defendant Endurance's acceptance and retention of the benefit conferred upon it would be inequitable.

WHEREFORE, Plaintiff JanOne respectfully requests, in the alternative, that if this Court allows Defendant Endurance American Insurance Company to avoid its obligations under the Endurance Policy, including by holding the Endurance Policy void, that the Court enter a judgment against Defendant Endurance in an amount to be proven at trial, including but not limited to premium payments made by JanOne, costs and fees incurred by JanOne in obtaining the Endurance Policy, plus pre-judgment interest through the date of judgment, and for such other and further relief as this Court deems just and proper.

DATED this 20th day of August 2021

**HOLLAND & HART LLP**

*/s/ Jessica Whelan*
J. Stephen Peek
Jessica E. Whelan
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134

Christopher E. Kentra (will comply with LR IA 11-2 within 14 days)
Blake A. Roter (will comply with LR IA 11-2 within 14 days)
BURKE WARREN MACKAY & SERRITELLA, P.C.
330 N. Wabash, 21st Floor
Chicago, IL 60611

*Attorneys for Plaintiff*

17255929_v2

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134